Swing, J.
This case is in this court on appeal fron the Court of Common Pleas, and was heard upon demurrer to the petition.
*256 The substance of the material facts of the petition are, that plaintiffs are owners of land abutting on Edwards road, and a portion of them own property abutting on the right-of-way of said railway, and their means of access to said railroad is over the tracks of said company. That said Edwards road is being improved under an act of the Legislature of Ohio, passed April 3, 1891. That by the terms of said act it is provided that the defendants, the Commissioners of Hamilton county, are instructed to improve said road in accordance with the plans and specifications on file in the County Surveyor’s office.
That the defendants, the said Commissioners, have entered into a contract with Kolthoff & MeCarren for the purpose of improving said road in accordance with said plans and specifications as in said act provided. That said Rail Road Company is now illegally maintaining its tracks in said road without permission of the authorities having control thereof, and that said tracks are located on an artificial elevation about three feet above the grade of said road as established by said act, and that as said tracks are now located it is impossible to improve said road as required by said act.
. The said Rail Road Company has been requested to lower its said tracks by said plaintiffs, to conform to said grade so established, and that it refused to do so, and that said defendants, the Commissioners, refused to compel said company to lower its said tracks.
That defendants threaten to, or have already entered into a so-called agreement with each other, against the protest of these plaintiffs, by which, if carried out, the said Commissioners will permit said company to maintain its tracks at their present grade upon condition that said company give a bond in the sum of $5,000.00, to indemnify the county against any damage that may be claimed by abutting property owners, in consideration of the county permitting said tracks to remain at their present grade, which will be a great and irreparable injury to these plaintiffs.
Burch & Johnson, for plaintiff.
Spiegel & Bromwell, and Howard Hollister, for defendants.
That all of the acts of the above defendants will be illegal, unlawful, and without authority of law, and totally without consideration of law. And the plaintiffs by reason of the facts set out, will be greatly injured and damaged.
Wherefore plaintiffs pray that the defendant, the railroad company, may be enjoined from entering into or carrying out the so-called agreement; that it be enjoined from maintaining its tracks at their present grade, and that the County Commissioners be enjoined from proceeding with said improvement upon any other grade than the one provided in said act.
We think the demurrer should be sustained.
If the said agreement entered into, or to be entered into, is an illegal contract, it can in no way prejudice the plaintiffs. If it is contrary to law, it can not stand in the way of the County Commissioners performing the duties enjoined upon them by the law.
If they are not acting in accordance with the law, and it is desired that they should, the action should be against them in mandamus to require them to perform the act as required by law.
The property owners abutting on this road would have no right of action against .the railroad company for maintaining its tracks in the road. It is a county road, and its improper occupancy, if any exists, is a matter for the County Commissioners.
And the Commissioners should not be enjoined from proceeding with the improvement upon any other grade than the one set forth, as there is no allegation that they are going to do so when — as there is an allegation — they have contracted to improve the road in accordance with the grade alleged to have been established by said act.
The demurrer, we think, should be sustained, and the petition of plaintiffs dismissed.